## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JUSTIN DAKE,<br><br>Plaintiff,<br><br>vs.<br><br>TALLGRASS ENERGY PARTNERS, LP, JEFFREY R. ARMSTRONG, JEFFREY A. BALL, ROY N. COOK, DAVID G. DEHAEMERS JR., FRANK J. LOVERRO, WILLIAM R. MOLER, STANLEY DE JONGH OSBORNE, JOHN T. RAYMOND, AND TERRENCE D. TOWNER ,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Justin Dake ("Plaintiff"), by his undersigned attorneys, alleges the following on information and belief, except as to the allegations specifically pertaining to Plaintiff, which are based on personal knowledge.

### NATURE AND SUMMARY OF THE ACTION

1.      Plaintiff, a unitholder of Tallgrass Energy Partners, LP ("TEP" or the "Company") brings this action against the members of TEP's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Section 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a) & 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §§ 240.14a-9, 244.100, & 229.1015(b)(4), arising out of the acquisition of TEP by Tall Grass Energy GP, LP ("TEGP").

2.      On March 27, 2018, TEP and TEGP issued a joint press release announcing that the Board had caused the Company to enter into a definitive agreement and plan of merger (the

"Merger Agreement") by and among TEP, TEGP, Tallgrass Equity, LLC ("Tallgrass Equity"), a subsidiary of TEP, Razor Merger Sub, LLC ("Merger Sub"), and Tallgrass MPL GP, LLC ("TEP GP"). Pursuant to the Merger Agreement, each common unit of TEP will be converted into the right to receive 2.0 Class A shares of a limited partner interest in TEGP (the "Merger Consideration").  In the proposed transaction, TEGP will issue an aggregate of approximately 95.2 million Class A shares to former TEP common unitholders, representing approximately 62.1 percent of the outstanding Class A shares of TEGP following the transaction (the "Proposed Transaction"). The revolving credit facilities of TEP and Tallgrass Equity, and the senior notes of TEP are expected to remain outstanding following the merger. Assuming the merger closes on or before the record date for the second quarter 2018 dividend, former TEP unitholders holding TEGP Class A shares on the record date would be entitled to receive the second quarter 2018 dividend on the TEGP Class A shares they receive in the merger in accordance with TEGP's agreement of limited partnership.

3.      On March 30, 2018, the Company filed a Form S-4 Registration Statement (the "Registration Statement") with the SEC designed to convince TEP unitholders to approve the Proposed Transaction.   The Registration Statement is materially deficient and misleading because, *inter alia*, it fails to disclose material information regarding (i) the Company's financial projections; (ii) the valuation analyses conducted by the Company's financial advisor, Evercore Group L.L.C. ("Evercore") to support its fairness opinion; and (iii) the potential conflicts of interest faced by Evercore in advising TEP.

4.      The special meeting of TEP unitholders to vote on the Proposed Transaction is forthcoming (the "Shareholder Vote"). Therefore, it is imperative that the material information omitted from the Registration Statement is disclosed to the Company's shareholders prior to the

Shareholder Vote so that they can properly exercise their corporate suffrage rights.

5.     For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from consummating the Proposed Transaction unless and until the material information discussed below is disclosed to TEP's unitholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## PARTIES

6.     Plaintiff is, and has been at all relevant times, a unitholder of TEP.

7.     TEP is a limited partnership organized and existing under the laws of the State of Delaware.  It maintains its principal executive offices at 4200 W. 115th Street, Suite 350, Leawood, Kansas, 66211. The Company's common units are listed on the New York Stock Exchange under the ticker symbol "TEP."  TEP is named as a defendant herein solely for the purpose of providing full and complete relief.

8.     Defendant Jeffrey R. Armstrong has served as a director of TEP's general partner since April 2014.

9.     Defendant Jeffrey A. Ball has served as a director of TEP's general partner since February 2013.

10.     Defendant Roy N. Cook has served as a director of TEP's general partner since September 2013.

11.     Defendant David G. Dehaemers, Jr. has served as a director and President and Chief Executive Officer of TEP's general partner since February 2013.

12.     Defendant Frank J. Loverro has served as a director of TEP's general partner since February 2013.

13.    Defendant William Moler has served as a director, Executive Vice President, and Chief Operating Officer of TEP's general partner since February 2013.

14.    Defendant Stanley de J. Osborne has served as a director of TEP's general partner since February 2013.

15.    Defendant John T. Raymond has served as a director of TEP's general partner since February 2013.

16.    Defendant Terrace D. Towner has served as a director of TEP's general partner since August 2013.

17.    The Defendants described in ¶ 8 through ¶ 16 are referred to herein as the "Individual Defendants."

18.    Collectively, TEP and the Individual Defendants are referred herein as "Defendants."

**JURISDICTION AND VENUE**

19.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and Section 27 of the Exchange Act (15 U.S.C. § 78aa) because Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

20.    Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

21.     Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C.

§ 78aa, as well as under 28 U.S.C. § 1391, because TEP is a limited liability partnership

established under the laws of this District.

## FURTHER SUBSTANTIVE ALLEGATIONS

22.     On March 26, 2018, the Company issued a press release announcing the Proposed

Transaction. The Press Release read in relevant part:

> LEAWOOD, Kan.--(BUSINESS WIRE)-- Tallgrass Energy GP, LP (NYSE:
> TEGP) and Tallgrass Energy Partners, LP (NYSE: TEP) today announced the
> execution of a definitive agreement pursuant to which TEGP will acquire the
> approximately 47.6 million TEP common units held by the public in a taxable
> stock-for-unit merger transaction at a ratio of 2.0 TEGP Class A shares for
> each outstanding TEP common unit.
>
> "We are executing this transaction from a position of fundamental business
> strength, and the result is a win for the TEP unitholders and TEGP
> shareholders alike. This non-dilutive combination differentiates our
> transaction from most other recent combinations in the MLP universe," said
> President and CEO David G. Dehaemers Jr.
>
> "Eliminating TEP's incentive distribution rights will immediately improve our
> cost of capital and will enhance our ability to compete for, and the returns
> generated by, acquisitions and organic growth projects," Dehaemers added.
> "In addition, our single public entity will be more streamlined, simplified and
> closely align all of our equity holders' future financial incentives. We expect
> the combined company, which will be taxed as a corporation, will appeal to an
> even wider set of potential investors. We are looking forward to closing this
> transaction and focusing on the next chapter of value creation at Tallgrass
> Energy."
>
> The merger agreement has been unanimously approved by the Board of
> Directors of TEGP's general partner, the Conflicts Committee of the Board of
> Directors of TEP's general partner (the "TEP Conflicts Committee") and the
> Board of Directors of TEP's general partner. Subject to customary approvals
> and conditions, the merger is expected to close by the end of the second
> quarter of 2018.[1]
>
> Transaction Details

---

[1] Adjusted EBITDA is a non-GAAP financial measure. For additional information, please read
"Non-GAAP Measures."

Under the terms of the merger agreement, TEGP will acquire the approximately 47.6 million TEP common units held by the public at a fixed exchange ratio of 2.0 TEGP Class A shares for each outstanding common unit. As a result of the proposed transaction, the TEP incentive distribution rights will be cancelled, the TEP common units will no longer be publicly traded and 100 percent of the equity interests of TEP will be owned by TEGP's subsidiary, Tallgrass Equity, LLC ("Tallgrass Equity").

In the proposed transaction, TEGP will issue an aggregate of approximately 95.2 million Class A shares to former TEP common unitholders, representing approximately 62.1 percent of the outstanding Class A shares of TEGP following the transaction. The revolving credit facilities of TEP and Tallgrass Equity, and the senior notes of TEP are expected to remain outstanding following the merger. Assuming the merger closes on or before the record date for the second quarter 2018 dividend, former TEP unitholders holding TEGP Class A shares on the record date would be entitled to receive the second quarter 2018 dividend on the TEGP Class A shares they receive in the merger in accordance with TEGP's agreement of limited partnership.

Completion of the merger is subject to customary closing conditions, including the approval by holders of a majority of the outstanding TEP common units, including common units owned by Tallgrass Equity, and the expiration or termination of all waiting periods under the Hart-Scott-Rodino Antitrust Improvements Act. As part of the transaction, TEGP and certain of its subsidiaries entered into a support agreement agreeing to vote their approximately 25.6 million TEP common units (representing approximately 35 percent of the total outstanding TEP common units) in favor of the merger.

An investor presentation related to the transaction will be posted on the Tallgrass Energy website. TEP unitholders, TEGP shareholders and other interested parties are invited to view those materials under the investor relations sections at www.tallgrassenergy.com.

<u>Distributions</u>

**TEGP**

The board of directors of TEGP's general partner has declared a quarterly cash dividend of $0.4875 per Class A share for the first quarter of 2018, or $1.95 on an annualized basis. This represents a 32.7 percent sequential increase from the fourth quarter 2017 dividend of $0.3675 per Class A share and an increase of 69.6 percent from the first quarter 2017 dividend of $0.2875 per Class A share. It is TEGP's 11th consecutive increase since its May 2015 initial public offering.

**TEP**

The board of directors of TEP's general partner declared a quarterly cash distribution of $0.975 per common unit for the first quarter of 2018, or $3.90 on an annualized basis. This represents a sequential increase of 1.0 percent from the fourth quarter 2017 distribution of $0.965 per common unit and an increase of 16.8 percent from the first quarter 2017 distribution of $0.835 per common unit. It is TEP's 19th consecutive increase since its May 2013 initial public offering.

The TEGP and TEP quarterly distributions for the first quarter of 2018 will be paid on Tuesday, May 15, 2018, to shareholders and unitholders of record as of the close of business on Monday, April 30, 2018.

**The Registration Statement Misleads TEP Unitholders by Omitting Material Information**

23.     On March 30, 2018, the Company filed the materially misleading and incomplete Registration Statement with the SEC.  Designed to convince unitholders to vote in favor of the Proposed Transaction, the Registration Statement is rendered misleading by the omission of critical information concerning the Company's expected future value as a public entity as evidenced by the Company's financial projections, the financial analyses conducted by Evercore, and the potential conflicts of interest faced by Evercore when preparing its fairness opinion.

*Material Omissions Concerning the Company's Financial Projections*

24.     The Registration Statement discloses projections of non-GAAP accounting metrics, Adjusted EBITDA and Distributable Cash Flow.

25.     Providing these non-GAAP metrics without disclosing the line item metrics used to calculate them, or otherwise reconciling the non-GAAP projections to GAAP measures, makes the provided disclosures materially incomplete and misleading.

26.     The Registration Statement fails to disclose the line items underlying Adjusted EBITDA necessary to reconcile Adjusted EBITDA to GAAP measures, including (i) net income; (ii) interest; (iii) income taxes; (iv) depreciation and amortization; (v) non-cash income or loss related to derivative instruments; (vi) non-cash long-term compensation expense; (vii) impairment losses, gains or losses on asset or business disposals or acquisitions; (viii) gains or

losses on the repurchase, redemption or early retirement of debt; (ix) earnings from unconsolidated investments; and (x) distributions from unconsolidated investments.

27.     The Registration Statement also fails to disclose the line items underlying Distributable Cash Flow necessary to reconcile it to GAAP measures, including (i) the inputs and line items that compose Adjusted EBITDA; (ii) deficiency payments received from or utilized by our customers; (iii) cash interest costs; (iv) maintenance capital expenditures; (v) distributions to noncontrolling interests in excess of earnings allocated to noncontrolling interests; and (vi) certain cash reserves permitted by TEP's partnership agreement.

28.     Furthermore, the Registration Statement does not disclose the projected dividends or cash distributions for TEP unitholders provided to Evercore for the purpose of its *Discounted Distribution Analysis*.

29.     Without disclosure of these reconciling metrics, the Registration Statement violates SEC regulations and materially misleads TEP unitholders.

30.     These projections were provided to Evercore, and used by Evercore, for the purpose of creating a fairness opinion that could then be used in soliciting unitholder approval of the Proposed Transaction.  Because these analyses were presented to the TEP unitholders as evidence of the fairness of the Proposed Transaction, the omission of the financial projections materially misleads those same unitholders as to the accuracy and value of the analyses.

### *Material Omissions Regarding Evercore's Financial Analyses*

31.     The Registration Statement describes Evercore's fairness opinion and the various valuation analyses it performed in support of its opinion. However, the description of Evercore's fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses. Without this information, as described below, TEP's unitholders are unable to fully

understand these analyses and, thus, are unable to determine what weight, if any, to place on Evercore's fairness opinion in determining how to cast their vote on the Proposed Transaction. This omitted information, if disclosed, would significantly alter the total mix of information available to TEP's unitholders.

32.    With respect to Evercore's *Peer Group Trading Analysis*, the Registration Statement fails to disclose the individual multiples used by Evercore for each of the companies included in the analysis. Without such information, TEP's unitholders are unable to determine how the multiples used in determining TEP's value compare to the other companies. As a result, unitholders are unable to assess whether TEP utilized unreasonably low multiples, thereby rendering Evercore's conclusion regarding the usefulness of such multiples meaningless.

33.    With respect to Evercore's *Precedent M&A Transactions Analysis*, the Registration Statement fails to disclose the individual multiples for each of the selected transactions analyzed by Evercore, as well as any benchmarking analyses Evercore performed for TEP in relation to the transactions. Without such information, TEP's unitholders are unable to determine how the multiples used in determining TEP's value compare to the other companies. As a result, unitholders are unable to assess whether Evercore utilized unreasonably low multiples, thereby rendering Evercore's conclusion regarding the usefulness of such multiples meaningless the implied share price ranges set forth in the analyses misleading.

### *Material Omissions Regarding Evercore's Potential Conflicts of Interest*

34.    The Registration Statement discloses that Evercore has provided financial services to the Company and TEP GP in the past. However, the Registration Statement fails to disclose the amount of compensation that Evercore have received, in violation of Item 1015 of

SEC Regulation M-A, which requires disclosure of "any compensation received [in the past two years] or to be received as a result of the relationship . . . ." 17 C.F.R. § 229.1015.

35.     This key omission materially misleads TEP unitholders as to incentives facing Evercore, including the prospect of future engagements and compensation from affiliates of Tallgrass following the financial advisors' blessing of the Proposed Transaction. Without this information, TEP unitholders have received a materially misleading statement as to the objectivity and accuracy of the financial advisors' fairness opinions.

36.     Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that Company unitholders will continue to suffer absent judicial intervention

## CLAIMS FOR RELIEF

## COUNT I

### Claim for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and TEP

63.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

64.     The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  TEP is liable as the issuer of these statements.

65.     The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.   By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

66.     The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

67.     The omissions and false and misleading statements in the Registration Statement are material in that a reasonable unitholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to unitholders.

68.     The Registration Statement is an essential link in causing Plaintiff and the Company's unitholders to approve the Proposed Transaction.

69.     By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

70.     Because of the false and misleading statements in the Registration Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

71.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

72.     The Individual Defendants acted as controlling persons of TEP within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of TEP and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

73. Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

74. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

75. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

76. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' conduct, Plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining Defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.      In the event Defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.      Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Declaring that Defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated:  April 18, 2018                                  Respectfully submitted,

                                                        **O'KELLY ERNST & JOYCE, LLC**

                                                        By: _/s/ Ryan M. Ernst_
                                                        Ryan M. Ernst (No. 4788)
                                                        Daniel P. Murray (No. 5785)
                                                        901 Market Street
                                                        Suite 1000
                                                        Wilmington, DE 19801
**LEVI & KORSINSKY, LLP**                               Tel: (302) 778-4000
Donald J. Enright (to be admitted *pro hac vice*)       Fax: (302) 295-2873
Elizabeth K. Tripodi (to be admitted *pro hac vice*)    rernst@oelegal.com
1101 30th Street, N.W., Suite 115                        dmurray@oelegal.com
Washington, DC 20007
Tel: (202) 524-4290                                     *Attorneys for Plaintiff*
Fax: (202) 337-1567
Email: denright@zlk.com
        etripodi@zlk.com

*Attorneys for Plaintiff*